**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FATHER & SON MOVING & STORAGE, MOVING AND STORAGE, INC., d/b/a NEIGHBORS MOVING AND STORAGE, AMERICAN VAN LINES, INC., MBM MOVING SYSTEMS, LLC, NATIONWIDE RELOCATION SERVICES, INC., and COLONIAL VAN LINES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>XPRESS MOVERS, LLC, MARTIN PANAYOTOV, STOIL ANDREEV, and ADVANCED INTERACTIVE, LLC,<br><br>Defendants. | Civil Action No. _____ |

## <u>COMPLAINT</u>

1.      Plaintiffs Father & Son Moving & Storage, Moving and Storage, Inc., d/b/a

Neighbors Moving and Storage, American Van Lines, Inc., MBM Moving Systems, LLC,

Nationwide Relocation Services, Inc., and Colonial Van Lines, Inc. (collectively referred to as

"Plaintiffs"), assert these claims against Xpress Movers, LLC, Martin Panayotov, Stoil Andreev,

and Advanced Interactive, LLC (collectively referred to as "Defendants").  This is an action for

false advertising and unfair competition under 15 U.S.C. §1125(a)(l)(B) (Count I), violations of

the Massachusetts Consumer Protection Act, Mass. G.L. c. 93A (Count II), common law false

advertising and unfair competition (Count III), and tortious interference with business

relationships (Count IV), arising from Defendants' false and deceptive online advertising

practices and operation of the website MyMovingReviews.com.

2.      Although the consumer review website MyMovingReviews.com purports to offer unbiased, accurate reviews of moving companies across the nation, it does not disclose that it is owned and operated by two individuals, defendants Stoil Andreev and Martin Panayotov, who also own and operate a moving company featured on MyMovingReviews.com – "Xpress Movers." Xpress Movers has perfect, five-star reviews on the website MyMovingReviews.com, while its direct competitors (including Plaintiffs), have a host of negative reviews posted on MyMovingReviews.com.

3.      This is not a coincidence. Defendants have deleted **positive,** legitimate reviews posted at MyMovingReviews.com concerning **Plaintiffs'** services, and have deleted **negative** reviews posted at MyMovingReviews.com concerning **Defendants'** services. As a result, Defendants and their affiliates are left with perfect, 5-star ratings and positive reviews, and Plaintiffs are left with low-star ratings and negative reviews. Upon information and belief, Defendants have also increased their profits from MyMovingReviews.com by allowing affiliated moving companies to "advertise" and improve their reputations on MyMovingReviews.com.

4.      Defendants' false and misleading online advertising claims have damaged Plaintiffs' reputations and businesses, for the purpose of Defendants' own commercial advantage. Defendants also falsely claim that they are accredited by the Better Business Bureau ("BBB"), although they are not. Defendants' conduct is misleading and deceptive to consumers and should be enjoined.

## PARTIES

5.      Plaintiff Father & Son Moving & Storage ("Father & Son") is a Massachusetts corporation with its principal place of business at 3301 Mystic Valley Parkway, Medford, MA 02155. Father & Son provides moving-related services to consumers.

6.      Plaintiff Moving and Storage, Inc., d/b/a Neighbors Moving and Storage ("Neighbors Moving and Storage"), is a Florida corporation with its principal place of business at 3155 N. Andrews Ave. Ext., Pompano Beach, FL 33064.  Neighbors Moving and Storage provides moving-related services to consumers.

7.      Plaintiff American Van Lines, Inc. ("American Van Lines") is a Florida corporation with its principal place of business at 1351 NW 22nd St., Pompano Beach, FL 33069.  American Van Lines provides moving-related services to consumers.

8.      Plaintiff MBM Moving Systems, LLC ("MBM") is a North Carolina corporation with its principal place of business at 718 Creek Ridge Rd., Greensboro, NC 27406.  MBM provides moving-related services to consumers.

9.      Plaintiff Nationwide Relocation Services, Inc. ("Nationwide") is a Florida corporation with its principal place of business at 2000 N State Rd. 7, Margate, FL 33063. Nationwide provides moving-related services to consumers.

10.      Plaintiff Colonial Van Lines, Inc. ("Colonial") is a Florida corporation with its principal place of business at 2000 North State Road 7, Pompano Beach, Florida, 33063. Colonial provides moving-related services to consumers.

11.      Defendant Martin Panayotov is an individual residing at 49 Burnap St., Wilmington, Massachusetts.  Mr. Panayotov is "Managing Director" of Xpress Movers, LLC, and an operator of the website MyMovingReviews.com.

12.      Defendant Stoil Andreev is an individual also residing at 49 Burnap St., Wilmington, Massachusetts, 01887.  Mr. Andreev is "CEO" of Xpress Movers, LLC, and "Advanced Interactive, LLC," and an operator of the website MyMovingReviews.com.

3

13.     Defendant Xpress Movers, LLC ("Xpress Movers") is a Massachusetts corporation with its principal place of business identified as at 5 Waltham St., Wilmington, Massachusetts, 01887.  Xpress Movers provides moving-related services to consumers.

14.     Defendant Advanced Interactive, LLC ("Advanced Interactive") is a Massachusetts corporation with its principal place of business at 49 Burnap St., Wilmington, Massachusetts, 01887 (defendants Mr. Andreev's and Mr. Panayotov's address).  Advanced Interactive is owned by defendant Stoil Andreev.  Upon information and belief, Advanced Interactive is an entity created for the purpose of receiving advertising revenues and/or other revenues generated in connection with MyMovingReviews.com and other, affiliated websites.

## JURISDICTION AND VENUE

15.     This Court has federal question jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

16.     This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

17.     This court has personal jurisdiction over Defendants because Defendants are located in Massachusetts and are engaged in the systematic and continuous conduct of business in the State of Massachusetts.

18.     Venue in the District of Massachusetts is proper under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**A.     Defendants' Operation of the Purportedly Neutral Consumer Review Website MyMovingReviews.com**

19.     The website MyMovingReviews.com advertises its neutrality.  For example, it states:

4

- "Instead of reading in most cases manipulated moving reviews and moving references provided by the mover, you can now read the real customers' moving experiences and moving testimonials at MyMovingReviews.com." *See* MyMovingReviews.com Printouts, Exhibit A.

- "All the Movers you see in your region are rated by actual customers.…" *Id*. at 1.

- "MyMovingReviews is becoming the number one relocation source with the most comprehensive *authentic* local, state to state and cross country moving companies reviews directory online." *Id*. at 2 (emphasis added).

- "Why is our data accurate?  We are very serious about reviews quality. Our sophisticated consumer reports rating system filters the fake local and cross country moving reviews from the real reviews so *you see the most accurate and up to date rating information* to base your decision on." *Id*. (emphasis added).

20.    MyMovingReviews does not state on its website that it is owned or affiliated with specific moving companies.  It does not reveal where it is located.  Instead, it includes only the contact information info@mymovingreviews.com.  *Id*.

21.    Defendants Stoil Andreev and Martin Panayotov, twenty-nine year old individuals residing in the same house in Wilmington, Massachusetts, own, control and operate the website MyMovingReviews.com.

22.    Advanced Interactive and Xpress Movers are companies created and controlled by Martin Panayotov and/or Stoil Andreev.

23.    Upon information and belief, Stoil Andreev and/or Martin Panayotov also operate and control the websites TheMovingBlog.com, ListMovers.com, XpressMovers.com, and BostonMoversUSA.com.  They have created profiles for their moving companies at http://facebook.com/xpress.movers, http://www.facebook.com/bostonmovers, http://twitter.com/XpressMovers, http://twitter.com/MyMovingReviews, and http://www.facebook.com/xpress.movers#!/mymovingreviews.

24.     Consumers perceive MyMovingReviews.com to be a neutral, unbiased website, offering real customer reviews and ratings, because Mr. Andreev and Mr. Panayotov intentionally convey that message to consumers.

25.     The website does not disclose any affiliation between MyMovingReviews.com and Xpress Movers.  The Xpress Movers profile at MyMovingReviews.com resembles the other moving company profiles.

26.     MyMovingReviews.com also purports to offer "advertising services" to certain affiliated moving companies, but does not identify what those advertising services entail or which moving companies are participating as advertisers and making payments to MyMovingReviews.com.

**B.     Defendants' Removal of Negative Reviews About Their Companies From MyMovingReviews.com**

24.     Defendants' company Xpress Movers has a perfect, 5-star rating on MyMovingReviews.com.  *See* Exhibit B.

25.     Upon information and belief, this is because Defendants remove negative reviews of Xpress Movers from MyMovingReviews.com.

26.     For example, on August 21, 2012, an individual called "AprilS" wrote that her Xpress Movers' move was ruined by a combination of late-arriving movers, surprising fees, and a less than impressive customer service department.  A screenshot of the review entitled "Look Elsewhere!" is attached as Exhibit C.

27.     This review was posted at www.mymovingreviews.com/movingreviews/look-elsewhere-9154, but was removed by Defendants within 24 hours of its posting.

28.     Xpress Movers does not fare so well on third-party websites such as Yelp.  On Yelp, Xpress Movers has a 2.5 star rating out of a possible five stars.  Additionally, 51 reviews

of Xpress Movers on Yelp have been "filtered" as inappropriate or for other reasons.  Upon

information and belief, Defendants have flagged negative reviews on Yelp for "filtering" by

Yelp.  Without this flagging, Xpress Movers's Yelp rating would be even lower.

**C.   Defendants' False Claim That They Are Accredited By the Better Business Bureau**

29.    Xpress Movers website at http://twitter.com/XpressMovers claims that it is "BBB

Accredited" and includes the BBB accreditation logo.  *See* Exhibit D.

30.    It also makes this claim at http://www.listmovers.com/dc-movers.htm.  *Id*.

31.    Xpress Movers' website at http://www.facebook.com/bostonmovers states: "We

are fully licensed and insured, BBB accredited and a proud http://www.MyMovingReviews.com/

registered moving company."  *Id*.

32.    However, Xpress Movers is not accredited by the Better Business Bureau.  *Id*.

**D.   Defendants' Removal of Positive Reviews Concerning Plaintiffs From
       MyMovingReviews.com**

33.    Plaintiffs became increasingly suspicious that MyMovingReviews.com was a

website operated by a competitor, given the consistently negative reviews posted there about

Plaintiffs, and the consistently positive reviews posted about certain competitors.

34.    Plaintiffs engaged an IT specialist to post "test reviews," positive and negative, to

MyMovingReviews.com from different IP addresses.  Uniformly, the positive reviews were

removed from the website by Defendants and the negative reviews remained.

35.    Plaintiffs also encouraged their actual customers to write reviews about Plaintiffs

at MyMovingReviews.com.  Defendants removed the positive reviews.

           *a.  Colonial Van Line Review Examples*

36.    On June 13, 2012, Plaintiffs caused a 4-star, fairly neutral review to be posted on

MyMovingReviews.com about Colonial.  *See* Exhibit E.  The review was entitled "Experience

7

Always Matters," posted by "Doris Adams." *Id*. Defendant removed this review shortly after its posting. *Id.*

37.     Approximately two months later, Plaintiffs caused a very negative, fictitious review about Colonial to be posted by "Charles Latta" entitled "PLEASE DO NOT USE THESE MOVERS." Defendants did not remove this review. *Id.*

38.     An actual Colonial customer, Sally Caez, also posted a review on July 17, 2012, where she stated, "I had no problems with this move." *See* Exhibit F. Sally Caez's positive review was deleted within 24 hours.

*b. Nationwide Relocation Services Examples*

39.     On May 31, 2012, Plaintiffs caused a 5-star review about Nationwide called "Didn't Break My Bank" to be posted by "Lisa Martin." *See* Exhibit G. It was removed within 24 hours.

40.     On July 27, 2012, an actual Nationwide customer, Di Li, posted a positive review after completing a move with Nationwide. Defendants removed this review.

*c. American Van Lines Examples*

41.     On May 2, 2012, Plaintiffs caused a 4-star review about American Van Lines to be posted by "Wilma White," who was an actual customer. *See* Exhibit H. It was removed within 24 hours.

42.     On May 2, 2012, Plaintiffs also caused a fictitious, negative review to be posted by "Jules." *Id.* This post was not removed.

43.     On July 18, 2012, an actual American Van Lines customer, Greg Wibbels, posted a positive review about American Van Lines at MyMovingReviews.com. His review echoed the

8

Customer Service Quality Review Survey he submitted to American Van Lines after his move. Mr. Wibbel's post was removed.  *See* Exhibit I.

## <u>Count I – False Advertising and Unfair Competition Under the Lanham Act</u>

44.     Plaintiffs repeat and incorporate each paragraph of the Complaint as if set forth fully herein.

45.     Section 43 of the Lanham Act prohibits the use of any communication "in commercial advertising or promotion [that] misrepresents the nature, characteristics, qualities, or geographic origin of ... goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B).

46.     Defendants made false statements of fact about their and Plaintiffs' services in online, commercial advertising by: (a) falsely claiming to be accredited by the BBB; (b) purporting to offer neutral, unbiased ratings and reviews at MyMovingReviews.com; (c) representing that Defendants have perfect, 5-star ratings and no negative reviews at MyMovingReviews.com; (d) representing that Plaintiffs have negative ratings and a lack of positive reviews at MyMovingReviews.com; (e) claiming that MyMovingReviews.com contains all authentic reviews by real consumers; and (f) claiming that Defendants can accurately determine which reviews are "fake" and fairly and effectively filter those reviews.

47.     These statements actually deceived or had a tendency to deceive a substantial segment of Defendants' audience, which is also Plaintiffs' audience.

48.     The deception is likely to influence consumers' purchasing decisions and is likely to cause damage to Plaintiffs.

49.     Defendants have used their websites, including MyMovingReviews.com, to misrepresent the nature, characteristics and qualities of their own services and the services of Plaintiffs in commercial advertising.

50.     Defendants compete directly with Plaintiffs, and mislead consumers in connection with their website MyMovingReviews.com and other websites.

51.     Such acts constitute acts of unfair competition and false advertising against Plaintiffs under 15 U.S.C. § 1125.

52.     Plaintiffs have been and will continue to be damaged by Defendants' activities and conduct. Accordingly, Plaintiffs are entitled to recover their damages, as well as Defendants' profits received as a result of the false advertising and unfair competition, pursuant to 15 U.S.C. §1117(a).

53.     Unless Defendants' conduct is enjoined, Plaintiffs and their goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

54.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief, trebled damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

### Count II – Violation of Mass. G.L. c. 93A, §§ 2 and 11

55.     Plaintiffs repeat and incorporate each paragraph of the Complaint as if set forth fully herein.

56.     At all relevant times hereto, the Defendants were engaged in trade or commerce as those terms are used in Mass. G.L. c. 93A, §§ 2 and 11.

57.     While engaged in trade or commerce, Defendants engaged in unfair and deceptive acts and practices, including, without limitation:

     a.   Unfairly and deceptively removing positive reviews about Plaintiffs' companies, including legitimate customer reviews by Plaintiffs' customers;

     b.   Unfairly and deceptively removing negative reviews about Defendants' companies, for the purpose of artificially inflating Defendants' companies' ratings;

    c.   Unfairly and deceptively claiming to be accredited by the BBB;

    d.   Unfairly and deceptively claiming to offer neutral, unbiased reviews and ratings at MyMovingReviews.com; and

    e.   Unfairly and deceptively claiming to accurately filter "fake" reviews from real ones, and to only include "real" reviews.

58.    Defendants conduct occurred primarily and substantially in Massachusetts.

59.    As a result of the unfair and deceptive conduct of Defendants, Plaintiffs sustained damages including but not limited to the damages to their reputation, damage to their relationships with existing and prospective customers, and lost business opportunities.

60.    Defendants' actions were knowing and willful, entitling Plaintiffs to an award of multiple damages.

## Count III – Common Law False Advertising and Unfair Competition

61.    Plaintiffs repeat and incorporate each paragraph of the Complaint as if set forth fully herein.

62.    Defendants have used their websites, including MyMovingReviews.com, to misrepresent the nature, characteristics and qualities of their own services and the services of Plaintiffs in commercial advertising.

63.    Defendants compete directly with Plaintiffs, and mislead consumers in connection with their website MyMovingReviews.com and other websites.

64.    Such acts constitute acts of unfair competition and false advertising under the common law.

65.    Plaintiffs have been and will continue to be damaged by Defendants' activities and conduct.

66.    Unless Defendants' conduct is enjoined, Plaintiffs and their goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated

solely by money damages.

67.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief, damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

### Count IV – Tortious Interference

68.     Plaintiffs repeat and incorporate all other paragraphs of the Complaint as if fully set forth herein.

69.     Plaintiffs advertise their services online to prospective customers and existing customers.  Plaintiffs have contractual and prospective contractual relationships with these customers.

70.     As a result of Defendants' actions, these customers and prospective customers are misled into believing that Plaintiffs' services are poorly rated and reviewed on Defendants' website, through Defendants' conduct of removing negative reviews concerning Plaintiffs and posting fictitious negative reviews.

71.     Plaintiffs' customers and prospective customers are also misled into believing that Defendants' services are positively rated and reviewed due to Defendants' conduct in removing negative reviews posted on MyMovingReviews.com, and that Defendants' business are accredited by the BBB.

72.     There is no privilege or justification for Defendants' conduct.

73.     As a result of Defendants' conduct, Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

74.     Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.

75.     Defendants' intentional interference with prospective contractual relations has damaged Plaintiffs in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for relief and judgment, and request that the Court:

(A)     enter judgment against Defendants and in favor of Plaintiffs with respect to each claim for relief alleged in this Complaint;

(B)     award Plaintiffs injunctive relief, either actual and/or statutory damages, and their costs and attorneys' fees, pursuant to the Lanham Act;

(C)     award Plaintiffs their attorneys fees and multiple damages under Mass. G.L. c. 93A, §§ 2, 11;

(D)     award Plaintiffs injunctive relief, compensatory damages, punitive damages, and their costs and attorneys' fees on their state law claims; and

(E)     award such other and further relief as the Court deems just and proper.


**JURY DEMAND**

Plaintiffs demand a trial by jury on all claims so triable.

Respectfully submitted,

**FATHER & SON MOVING & STORAGE, MOVING AND STORAGE, INC., d/b/a NEIGHBORS MOVING AND STORAGE, AMERICAN VAN LINES, INC., MBM MOVING SYSTEMS, LLC, NATIONWIDE RELOCATION SERVICES, INC., and COLONIAL VAN LINES, INC.**

By their attorneys,

 */s/ Scott McConchie*
Scott McConchie (BBO # 634127)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA  02110
617.603.0917
sm@gtmllp.com

-and-

Alexis Arena (to seek admission *pro hac vice*)
FLASTER/GREENBERG P.C.
1600 JFK Blvd., Suite 200
Philadelphia, PA 19103
215.279.9908
alexis.arena@flastergreenberg.com

Dated:  December 5, 2012

14

2353921 v1