## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FATHER & SON MOVING & STORAGE, MOVING AND STORAGE, INC., d/b/a NEIGHBORS MOVING AND STORAGE, AMERICAN VAN LINES, INC., MBM MOVING SYSTEMS, LLC, NATIONWIDE RELOCATION SERVICES, INC., and COLONIAL VAN LINES, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>XPRESS MOVERS, LLC, MARTIN PANAYOTOV, STOIL ANDREEV, ADVANCED INTERACTIVE, LLC, and WORLD MEDIA GROUP,LLC,<br><br>Defendants. | Civil Action No. 12-cv-12262-GAO<br><br>*Leave to File Granted By the Court at the May 6, 2013 Scheduling Conference* |

## FIRST AMENDED COMPLAINT

1.      Plaintiffs Father & Son Moving & Storage, Moving and Storage, Inc., d/b/a

Neighbors Moving and Storage, American Van Lines, Inc., MBM Moving Systems, LLC,

Nationwide Relocation Services, Inc., and Colonial Van Lines, Inc. (collectively referred to as

"Plaintiffs") assert these claims against Xpress Movers, LLC, Martin Panayotov, Stoil Andreev,

Advanced Interactive, LLC, and World Media Group, LLC (collectively referred to as

"Defendants").  This is an action for false advertising and unfair competition under 15 U.S.C.

§1125(a)(l)(B) (Count I), violations of the Massachusetts Consumer Protection Act, Mass. G.L.

c. 93A (Count II), common law false advertising and unfair competition (Count III), tortious

interference with business relationships (Count IV), Trademark Infringement and Federal Unfair

Competition Comprising : a False and Misleading Statements of Fact Under Section 43(a) of the

Lanham Act, U.S.C. §1125 (Count V) and copyright infringement under 17 U.S.C. §501 (Count

VI) and conspiracy of all counts arising from Defendants' false and deceptive online advertising

practices and operation of the website MyMovingReviews.com (the "Site").

2.      Although the Site purports to offer unbiased, accurate reviews of moving

companies across the nation, it does not disclose that it is owned and operated by two

individuals, defendants Stoil Andreev and Martin Panayotov, who also own and operate a

moving company featured on the Site – "Xpress Movers."  Xpress Movers has perfect, five-star

reviews on the website MyMovingReviews.com, while its direct competitors (including

Plaintiffs) have a host of negative reviews posted on MyMovingReviews.com.

3.      This is not a coincidence.  Defendants have deleted **positive,** legitimate reviews

posted at the Site concerning **Plaintiffs'** services, have deleted **negative** reviews posted at the

Site concerning **Defendants'** services, and have thus manipulated and altered the true content of

the information on the Site.  As a result, Defendants and their affiliates are left with perfect, 5-

star ratings and positive reviews, and Plaintiffs are left with low-star ratings and negative

reviews.  Upon information and belief, Defendants have also increased their profits from the Site

by allowing affiliated moving companies to "advertise" and improve their reputations on

MyMovingReviews.com.  In addition, Defendants use the Site to generate and sell leads

(customers' information) to 3rd parties as another source of income.  With the manipulation and

alteration of the Site's content along with the use of Plaintiffs' trademarks and copyrights,

Defendants have created a business of increasing market share in their own moving companies,

allowing affiliate advertising to increase their ratings, and selling customers' information (leads)

to third parties.  This is not a passive interactive computer service.

2

4.      Defendants' false and misleading online advertising claims have damaged Plaintiffs' reputations and businesses, and caused customer confusion, for the purpose of Defendants' own commercial advantage and gain.  Defendants also falsely claim that they are accredited by the Better Business Bureau ("BBB"), although they are not.  Defendants' conduct is misleading and deceptive to consumers and should be enjoined.

5.      Defendants have unlawfully stripped language from the Plaintiffs' websites, in order to gain a commercial advantage in the marketplace in which the Plaintiffs and Defendants compete.  Such use was made without the Plaintiffs' permission and in direct violation of their copyrights and trademarks.

## PARTIES

6.      Plaintiff Father & Son Moving & Storage ("Father & Son") is a Massachusetts corporation with its principal place of business at 3301 Mystic Valley Parkway, Medford, MA 02155.  Father & Son provides moving-related services to consumers.  Father & Son operates the website, www.fandsmoving.com.

7.      Plaintiff Moving and Storage, Inc., d/b/a Neighbors Moving and Storage ("Neighbors Moving and Storage"), is a Florida corporation with its principal place of business at 3155 N. Andrews Ave. Ext., Pompano Beach, FL 33064.  Neighbors Moving and Storage provides moving-related services to consumers.  Neighbors Moving and Storage is a federally registered trademark.

8.      Plaintiff American Van Lines, Inc. ("American Van Lines") is a Florida corporation with its principal place of business at 1351 NW 22nd St., Pompano Beach, FL 33069.  American Van Lines provides moving-related services to consumers.  American Van Lines is a federally registered trademark.

2353921 v1

9.      Plaintiff MBM Moving Systems, LLC ("MBM") is a North Carolina corporation with its principal place of business at 718 Creek Ridge Rd., Greensboro, NC 27406.  MBM provides moving-related services to consumers.

10.     Plaintiff Nationwide Relocation Services, Inc. ("Nationwide") is a Florida corporation with its principal place of business at 2000 N State Rd. 7, Margate, FL 33063. Nationwide provides moving-related services to consumers.

11.     Plaintiff Colonial Van Lines, Inc. ("Colonial") is a Florida corporation with its principal place of business at 2000 North State Road 7, Pompano Beach, Florida, 33063. Colonial provides moving-related services to consumers.

12.     Defendant Martin Panayotov is an individual residing at 49 Burnap St., Wilmington, Massachusetts.  Mr. Panayotov is "Managing Director" of Xpress Movers, LLC, and an operator of the website MyMovingReviews.com.  As such, Defendant Panayotov is inextricably intertwined with the operation and function of the Site.

13.     Defendant Stoil Andreev is an individual also residing at 49 Burnap St., Wilmington, Massachusetts, 01887.  Mr. Andreev is "CEO" of Xpress Movers, LLC, and "Advanced Interactive, LLC," and an operator of the website MyMovingReviews.com.  As such, Defendant Panayotov is inextricably intertwined with the operation and function of the Site.

14.     Defendant Xpress Movers, LLC ("Xpress Movers") is a Massachusetts corporation with its principal place of business identified as at 5 Waltham St., Wilmington, Massachusetts, 01887.  Xpress Movers provides moving-related services to consumers.

15.     Defendant Advanced Interactive, LLC ("Advanced Interactive") is a Massachusetts corporation with its principal place of business at 49 Burnap St., Wilmington, Massachusetts, 01887 (defendants Mr. Andreev's and Mr. Panayotov's address).  Advanced

4

Interactive is owned by defendant Stoil Andreev.  Upon information and belief, Advanced

Interactive is an entity created for the purpose of receiving advertising revenues and/or other

revenues generated in connection with the Site and other, affiliated websites.

16.     Defendant World Media Group, LLC ("World Media Group") is a Delaware

corporation with its principal place of business located in Massachusetts at P.O. Box 204,

Pinehurst, Massachusetts 01866.  Upon information and belief, the Defendants formed World

Media Group after they received a cease and desist letter on or around February 10, 2012 from

Plaintiffs.  The Defendants are doing business under this new name in order to continue their

infringing and deceptive business practices.  The affiliation between Defendants and World

Media Group can be found through the website www.mymovingloads.com, which is another

website believed to be owned by Defendants, as well as through their own website

www.mymovingreviews.com.  And as of the Filing of this Amended Complaint, Defendant

World Media Group is listed as the owner of www.mymovingreviews.com.

## JURISDICTION AND VENUE

17.     This Court has federal question jurisdiction over Plaintiffs' federal claims

pursuant to 28 U.S.C. §§ 1331, 1338(a).

18.     This Court has supplemental jurisdiction over state law claims under 28 U.S.C. §

1367.

19.     This Court has personal jurisdiction over Defendants because Defendants are

located in Massachusetts and are engaged in the systematic and continuous conduct of business

in the State of Massachusetts.

20.     Venue in the District of Massachusetts is proper under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

A.     **Defendants' Operation of the Purportedly Neutral Consumer Review Website MyMovingReviews.com**

21.     The Site advertises its neutrality.  For example, it states:

- "Instead of reading in most cases manipulated moving reviews and moving references provided by the mover, you can now read the real customers' moving experiences and moving testimonials at MyMovingReviews.com."  *See* MyMovingReviews.com Printouts, Exhibit A.

- "All the Movers you see in your region are rated by actual customers.…"  *Id*. at 1.

- "MyMovingReviews is becoming the number one relocation source with the most comprehensive ***authentic*** local, state to state and cross country moving companies reviews directory online."  *Id*. at 2 (emphasis added).

- "Why is our data accurate?  We are very serious about reviews quality. Our sophisticated consumer reports rating system filters the fake local and cross country moving reviews from the real reviews so ***you see the most accurate and up to date rating information*** to base your decision on."  *Id*. (emphasis added).

22.     MyMovingReviews does not state on its website that it is owned or affiliated with specific moving companies.  It does not reveal where it is located.  Instead, it includes only the contact information info@mymovingreviews.com.

23.     Defendants Stoil Andreev and Martin Panayotov, twenty-nine year old individuals residing in the same house in Wilmington, Massachusetts, own, control and operate the website MyMovingReviews.com.

24.     Advanced Interactive and Xpress Movers are companies created and controlled by Martin Panayotov and/or Stoil Andreev.

25.     Upon information and belief, Stoil Andreev and/or Martin Panayotov also operate and control the websites TheMovingBlog.com, ListMovers.com, XpressMovers.com, and BostonMoversUSA.com.  They have created profiles for their moving companies at http://facebook.com/xpress.movers, http://www.facebook.com/bostonmovers,

6

http://twitter.com/XpressMovers, http://twitter.com/MyMovingReviews, and

http://www.facebook.com/xpress.movers#!/mymovingreviews.

26.     Consumers perceive the Site to be a neutral, unbiased website, offering real

customer reviews and ratings, because Mr. Andreev and Mr. Panayotov intentionally convey that

message to consumers, while manipulating the true content of the Site.

27.     In fact, Defendants Andreev and Panayotov altered and authored the content of

the Site by virtue of their manipulation of reviews actually posted on the Site.  Defendants

Andreev and Panayotov actively participated in the misconduct alleged in this Complaint and the

content of the Site is reviewed by Defendants Andreev and Panayotov.  Thus, Defendants

Andreev and Panayotov are active conduits and co-developers in the unlawfulness of the Site's

manipulated content.

28.     The website does not disclose any affiliation between the Site and Xpress Movers.

The Xpress Movers profile at the Site resembles the other moving company profiles.

29.     The Site also purports to offer "advertising services" to certain affiliated moving

companies, but does not identify what those advertising services entail or which moving

companies are participating as advertisers and making payments to MyMovingReviews.com.

30.     Defendants also use the content on Site to generate traffic in order to sell leads to

third parties.

31.     To market their website, Defendants integrate the Plaintiffs' trademarks into the

Defendants' website.  Defendants then engage in a tactic commonly referred to as "search engine

spam or indexing" where each of the Defendants use the trademarks to cause search engines, like

Google®, to index pages for Defendants' website in such search engines.  As a result, when

consumers put the Plaintiffs' trademarks into Google's search engine, Google lists the Site as one of the top search results and are led to Defendants' commercial website.

32.     Defendants have confused consumers searching for Plaintiffs and Plaintiffs' trademarks.  Further, when consumers visit the Website, each Defendant falsely leads consumers to believe that the Website is an unbiased website providing information to help consumers choose moving companies, when, in fact, the Website is an e-commerce website with the primary purpose of generating revenue and gaining market share with Defendants' own competing moving company, Xpress Movers (by putting Xpress movers at the top of the list with five (5) stars).  Plaintiffs have lost prospective customers as a result of Defendants actions.

33.     Defendants' manipulation of the reviews relating to Plaintiffs coupled with the unnecessary posting of Plaintiffs' trademarks have confused consumers about the nature of Plaintiff's services and have caused a loss of customers for Plaintiffs.

34.     Defendants are responsible, in whole or in part, for the creation or development of information published on the Site that is false, misleading, and/or confusing.

35.     Defendants worked together to create the illusion that the Site is populated with unaltered and unmanipulated content; however, it is not.  Moreover, Defendants worked together to steer consumers toward their own moving companies, namely Xpress Movers.

36.     All of the Defendants work together to operate an e-commerce website. Defendants generate revenues from selling moving services and from third party affiliates that pay Defendants a percentage of sales generated from consumers who click on links from Defendants' website to the affiliates' sites.

37.     Defendants Panayotov and Andreev have aided and abetted and conspired with each other to operate the MyMovingReviews.com Business and to perpetrate the wrongful and tortious actions alleged herein.

38.     On information and belief, each Defendant has non-public knowledge of the MyMovingReviews.com business, its financial incentives, and its operation strategy.  Each Defendant has published endorsements of moving-services companies affiliated with the MyMovingReviews.com Business, namely Xpress Movers.  Each Defendant has published manipulated statements of other visitors to the Site on behalf of the Site to further the MyMovingReviews.com Business.  Each Defendant has knowledge of the structure and amendment of the MyMovingReviews.com Business, and each Defendant knows about the companies affiliated with the MyMovingReviews.com Business and the financial enterprise that operates as MyMovingReviews.com.  Each Defendant has published statements about the MyMovingReviews.com Business's ostensible rules and business practices.  Defendants were, and are, responsible for the creation, authoring, and development of the misinformation of the Site.

39.     On information and belief, the misconduct alleged herein was carried out by each of the Defendants working in cooperation with each other and with knowledge of, and with an intent to advance, the operation of the MyMovingReviews.com Business.

40.     Whenever in this Complaint reference is made to any act of Defendants Andreev or Panayotov (each an "Individual Defendant"), that allegation shall be deemed to mean that said Individual Defendant committed, conspired to commit, and/or aided and abetted the acts on behalf of each Defendant.

2353921 v1

41.     Plaintiffs have lost, and continue to lose, prospective customers as a result of Defendants' actions and misrepresentations made on the Site.

**B.      Defendants' Removal of Negative Reviews About Their Companies From MyMovingReviews.com**

24.     Defendants' company Xpress Movers has a perfect, 5-star rating on MyMovingReviews.com.  *See* Exhibit B.

25.     Upon information and belief, this is because Defendants remove negative reviews of Xpress Movers from MyMovingReviews.com.

26.     For example, on August 21, 2012, an individual called "AprilS" wrote that her Xpress Movers' move was ruined by a combination of late-arriving movers, surprising fees, and a less than impressive customer service department.  A screenshot of the review entitled "Look Elsewhere!" is attached as Exhibit C.

27.     This review was posted at www.mymovingreviews.com/movingreviews/look-elsewhere-9154, but was removed by Defendants within 24 hours of its posting.

28.     Xpress Movers does not fare so well on third-party websites such as Yelp.  On Yelp, Xpress Movers has a 2.5 star rating out of a possible five stars.  Additionally, 51 reviews of Xpress Movers on Yelp have been "filtered" as inappropriate or for other reasons.  Upon information and belief, Defendants have flagged negative reviews on Yelp for "filtering" by Yelp.  Without this flagging, Xpress Movers's Yelp rating would be even lower.

29.     This misrepresentation is material and likely to influence a consumer's purchasing decision.

**C.      Defendants' False Claim That They Are Accredited By the Better Business Bureau**

30.     Xpress Movers website at http://twitter.com/XpressMovers claims that it is "BBB Accredited" and includes the BBB accreditation logo.  *See* Exhibit D.

2353921 v1

31.     It also makes this claim at http://www.listmovers.com/dc-movers.htm.  *Id.*

32.     Xpress Movers' website at http://www.facebook.com/bostonmovers states: "We are fully licensed and insured, BBB accredited and a proud http://www.MyMovingReviews.com/ registered moving company."  *Id.*

33.     However, Xpress Movers is not accredited by the Better Business Bureau.  *Id.*

34.     This misrepresentation is material and likely to influence a consumer's purchasing decision.

**D.     Defendants' Removal of Positive Reviews Concerning Plaintiffs From MyMovingReviews.com**

35.     Plaintiffs became increasingly suspicious that the Site was a website operated by a competitor, given the consistently negative reviews posted there about Plaintiffs, and the consistently positive reviews posted about certain competitors.

36.     Plaintiffs engaged an IT specialist to post "test reviews," positive and negative, to the Site from different IP addresses.  Uniformly, the positive reviews were removed from the website by Defendants and the negative reviews remained.

37.     Plaintiffs also encouraged their actual customers to write reviews about Plaintiffs at MyMovingReviews.com.  Defendants removed the positive reviews. This misrepresentation is material and likely to influence a consumer's purchasing decision.

        *a.  Colonial Van Line Review Examples*

38.     On June 13, 2012, Plaintiffs caused a 4-star, fairly neutral review to be posted on the Site about Colonial.  *See* Exhibit E.  The review was entitled "Experience Always Matters," and was posted by "Doris Adams."  *Id.*  Defendant removed this review shortly after its posting. *Id.*

39.     Approximately two months later, Plaintiffs caused a very negative, fictitious review about Colonial to be posted by "Charles Latta" entitled "PLEASE DO NOT USE THESE MOVERS."  Defendants did not remove this review.  *Id.*

40.     An actual Colonial customer, Sally Caez, also posted a review on July 17, 2012, where she stated, "I had no problems with this move."  *See* Exhibit F.  Sally Caez's positive review was deleted within 24 hours.

               *b. Nationwide Relocation Services Examples*

41.     On May 31, 2012, Plaintiffs caused a 5-star review about Nationwide called "Didn't Break My Bank" to be posted by "Lisa Martin."  *See* Exhibit G.  It was removed within 24 hours.

42.     On July 27, 2012, an actual Nationwide customer, Di Li, posted a positive review after completing a move with Nationwide.  Defendants removed this review.

               *c. American Van Lines Examples*

43.     On May 2, 2012, Plaintiffs caused a 4-star review about American Van Lines to be posted by "Wilma White," who was an actual customer.  *See* Exhibit H.  It was removed within 24 hours.

44.     On May 2, 2012, Plaintiffs also caused a fictitious, negative review to be posted by "Jules."  *Id.*  This post was not removed.

45.     On July 18, 2012, an actual American Van Lines customer, Greg Wibbels, posted a positive review about American Van Lines at MyMovingReviews.com.  His review echoed the Customer Service Quality Review Survey he submitted to American Van Lines after his move.  Mr. Wibbel's post was removed.  *See* Exhibit I.

46.     Upon information and belief, Defendants caused the same manipulation and alteration of the reviews on the Site to all Plaintiffs.

**Count I – False Advertising and Unfair Competition Under the**
**Lanham Act; Conspiracy to Commit False Advertising**

47.     Plaintiffs repeat and incorporate all other paragraphs of the Complaint as if fully set forth herein.

48.     Section 43 of the Lanham Act prohibits the use of any communication "in commercial advertising or promotion [that] misrepresents the nature, characteristics, qualities, or geographic origin of ... goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B).

49.     Defendants made false statements of fact about their and Plaintiffs' services in online, commercial advertising by: (a) falsely claiming to be accredited by the BBB; (b) purporting to offer neutral, unbiased ratings and reviews at MyMovingReviews.com; (c) representing that Defendants have perfect, 5-star ratings and no negative reviews at MyMovingReviews.com; (d) representing that Plaintiffs have negative ratings and a lack of positive reviews at MyMovingReviews.com; (e) claiming that the Site contains all authentic reviews by real consumers; and (f) claiming that Defendants can accurately determine which reviews are "fake" and fairly and effectively filter those reviews.

50.     Each Defendant has made false and misleading representations of fact in commercial promotions or advertising, which misrepresent the nature, characteristics, qualities, or geographic origin of Defendants' and Plaintiffs goods, services, or commercial activities, all in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

51.     On information and belief, Defendants also entered into an agreement among each other to publish these misleading representations of fact in commercial promotions or

13

advertising, which misrepresent the nature, characteristics, qualities, or geographic origin of Defendants' and Plaintiffs goods, services, or commercial activities.

52.    Defendants worked together to publish these misleading representations of fact in commercial promotions or advertising.

53.    On information and belief, Defendants formed a conspiracy to carry out this misconduct.

54.    These statements actually deceived or had a tendency to deceive a substantial segment of Defendants' audience, which is also Plaintiffs' audience.

55.    The deception is likely to influence consumers' purchasing decisions and is likely to cause damage to Plaintiffs

56.    Defendants have used their websites, including MyMovingReviews.com, to misrepresent the nature, characteristics and qualities of their own services and the services of Plaintiffs in commercial advertising.

57.    Defendants compete directly with Plaintiffs and mislead consumers in connection with Site and other websites.  Such acts constitute acts of unfair competition and false advertising against Plaintiffs under 15 U.S.C. § 1125As a direct and proximate result of the actions, conduct, and practices of Defendants, Plaintiffs have been and will continue to be damaged by Defendants' activities and conduct.  Accordingly, Plaintiffs are entitled to recover their damages, as well as Defendants' profits received as a result of the false advertising and unfair competition, pursuant to 15 U.S.C. § 1117(a).

58.    Unless Defendants' conduct is enjoined, Plaintiffs and their goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

59.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief, trebled damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

<u>Count II – Violation of Mass. G.L. c. 93A, §§ 2 and 11;</u>
<u>Conspiracy to violate Mass. G.L. c. 93A, §§ 2 and 11</u>

60.     Plaintiffs repeat and incorporate each paragraph of the Complaint as if set forth fully herein.

61.     At all relevant times hereto, the Defendants were engaged in trade or commerce as those terms are used in Mass. G.L. c. 93A, §§ 2 and 11.

62.     While engaged in trade or commerce, Defendants engaged in unfair and deceptive acts and practices, including, without limitation:

a.      Unfairly and deceptively removing positive reviews about Plaintiffs' companies, including legitimate customer reviews by Plaintiffs' customers;

b.      Unfairly and deceptively removing negative reviews about Defendants' companies, for the purpose of artificially inflating Defendants' companies' ratings;

c.      Unfairly and deceptively claiming to be accredited by the BBB;

d.      Unfairly and deceptively claiming to offer neutral, unbiased reviews and ratings at MyMovingReviews.com; and

e.      Unfairly and deceptively claiming to accurately filter "fake" reviews from real ones, and to only include "real" reviews.

63.     Defendants conduct occurred primarily and substantially in Massachusetts.

64.     On information and belief, Defendants also entered into an agreement among each other to engage in unfair and deceptive acts and practices.

65.     Defendants worked together to engage in unfair and deceptive acts and practices.

2353921 v1

66.     On information and belief, Defendants formed a conspiracy to carry out this misconduct.

67.     As a result of the unfair and deceptive conduct of Defendants, Plaintiffs sustained damages including but not limited to the damages to their reputation, damage to their relationships with existing and prospective customers, loss of customers and prospective customers, and lost business opportunities.

68.     Defendants' actions were knowing and willful, entitling Plaintiffs to an award of multiple damages, as well as their attorneys' fees.

**Count III – Common Law False Advertising and Unfair Competition;**
**Conspiracy to violate Common Law False Advertising and Unfair Competition**

69.     Plaintiffs repeat and incorporate each paragraph of the Complaint as if set forth fully herein.

70.     Defendants have used their websites, including MyMovingReviews.com, to misrepresent the nature, characteristics and qualities of their own services and the services of Plaintiffs in commercial advertising.

71.     Defendants compete directly with Plaintiffs, and mislead consumers in connection with their Site and other websites.

72.     Such acts constitute acts of unfair competition and false advertising under the common law.

73.     On information and belief, Defendants also entered into an agreement among each other to misrepresent the nature, characteristics and qualities of their own services and the services of Plaintiffs in commercial advertising.

74.     Defendants worked together to publish these misleading representations of fact in commercial promotions or advertising.

16

75.     On information and belief, Defendants formed a conspiracy to carry out this misconduct.

76.     Plaintiffs have been and will continue to be damaged by Defendants' activities and conduct.

77.     Unless Defendants' conduct is enjoined, Plaintiffs and their goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

78.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief, damages, attorneys' fees and costs, and further relief as the Court deems just and proper.

### Count IV – Tortious Interference; Conspiracy to Interfere with Business Relationships

79.     Plaintiffs repeat and incorporate all other paragraphs of the Complaint as if fully set forth herein.

80.     Plaintiffs advertise their services online to prospective customers and existing customers.  Plaintiffs have contractual and prospective contractual relationships with these customers.

81.     As a result of Defendants' actions, these customers and prospective customers are misled into believing that Plaintiffs' services are poorly rated and reviewed on Defendants' website, through Defendants' conduct of removing negative reviews concerning Plaintiffs and posting fictitious negative reviews.

82.     Plaintiffs' customers and prospective customers are also misled into believing that Defendants' services are positively rated and reviewed due to Defendants' conduct in removing negative reviews posted on MyMovingReviews.com, and that Defendants' business are accredited by the BBB.

83.    There is no privilege or justification for Defendants' conduct.

84.    On information and belief, Defendants also entered into an agreement among each other to discourage consumers from employing Plaintiffs moving services and to encourage consumers to use the moving-services companies affiliated with the Site.

85.    Defendants worked together to discourage consumers from employing Plaintiffs' moving services and to encourage consumers to use the moving-services companies affiliated with the Site.

86.    On information and belief, Defendants formed a conspiracy to carry out this misconduct.

87.    As a result of Defendants' conduct, Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

88.    Plaintiffs have no adequate remedy at law for the foregoing wrongful conduct.

89.    Defendants' intentional interference with prospective contractual relations has damaged Plaintiffs in an amount to be determined at trial.

## Count V – Trademark Infringement and Federal Unfair Competition Comprising; False and Misleading Statements of Fact Under Section 43(a) of the Lanham Act, 15 U.S.C. §1125; Conspiracy to Commit Infringement of a Trademark

90.    Plaintiffs repeat and incorporate all other paragraphs of the Complaint as if fully set forth herein.

91.    Plaintiffs Neighbors Moving & Storage and American Van Lines possess the rights of the trademarks "Neighbors Moving & Storage" and "American Van Lines" (the "Marks"), respectively.  *See* Exhibit J.

92.    As a result of Plaintiffs marketing and promotion, the Marks have come to signify Plaintiffs as a preeminent and high quality moving companies.

18

93.     On information and belief, Defendants entered into an agreement among each other to integrate Plaintiffs Marks multiple Internet web pages of the Site.

94.     Defendants worked together to use Plaintiffs Marks into the Internet web pages, including the insertion of Plaintiffs Marks into the metadata of the Site.

95.     On information and belief, Defendants formed a conspiracy to carry out this misconduct.

96.     Defendants' actions violate Plaintiffs' rights in their Marks.

97.     On information and belief Defendants' actions, in commerce, to entice Internet consumers to the Site through the use of Plaintiffs' Marks, are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of the Defendants' goods and services with Plaintiffs' Marks; or as to the origin, sponsorship, or approval of the Site's, services, and commercial activities by Plaintiffs under the Marks.

98.     Defendants' continued use of the Marks without the prior authorization of Plaintiffs infringes on Plaintiffs' exclusive rights in the trademark and constitutes violations of Section 43 of the Lanham Trademark Act, 15 U.S.C. §1125(a).  Defendants' actions, as described above, have also caused and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Plaintiffs goods, services, or commercial activities by Plaintiffs, and thus constitute false designations of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(l)(A).

99.     Defendants have committed the acts alleged above with the previous knowledge of Plaintiffs use and superior rights to the Marks.  Further, Defendants' actions were for the willful and calculated purpose of trading upon Plaintiffs goodwill and for the willful and

calculated purpose of misleading and deceiving purchasers and the public with an intent to reap the benefit of the Marks.

100.     By reason of Defendants' acts of false designation as alleged above, Plaintiffs have suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained. Plaintiffs are entitled to damages in an amount that will be ascertained according to proof pursuant to 15 U.S.C. §1117.

101.     Defendants' acts alleged above have caused and will cause irreparable harm to Plaintiffs for which Plaintiffs has no adequate remedy at law in that: (i) if Defendants' wrongful conduct continues, consumers are likely to become further confused about the nature of Plaintiffs' services; (ii) Plaintiffs' Marks are unique intellectual property, which has no readily determinable value; (iii) the infringement by Defendants constitutes an interference with Plaintiffs' goodwill and customer relationships; and (iv) Defendants' wrongful conduct, and the damages resulting to Plaintiff, is continuing. Plaintiffs are entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

102.     Plaintiffs are also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

### Count VI – Copyright Infringement Under 17 U.S.C. § 501; Conspiracy to commit Copyright Infringement Under 17 U.S.C. § 501

103.     Plaintiffs repeat and incorporate all other paragraphs of the Complaint as if fully set forth herein.

104.     Plaintiff Father and Son holds a copyright in the language and literary work used on its website, www.fandsmoving.com.

105.   Defendants have lifted, copied, and used language from the subject website without the Plaintiffs' permission and in direct violation of their copyrights and for Defendants' commercial benefit.

106.   Specifically, the following language was written onto the Plaintiff, Father &Son Moving &Storage's website and appears on the Defendants' Site;

> "Father & Son means QUALITY LOW COST MOVING! We are a family-owned business, dedicated to providing professional and personal service.  Father & Son specializes in local, statewide, long distance moving, Office relocation, truck rentals, small moves, self services movers, and more. All moves are performed by our quality trained professionals, who handle your moving needs from start to finish.  Address: 12435 E 42nd Avenue Unit 50 Denver, CO 80239 Phone:(303) 322-6562."  *See* Exhibit K.

107.   Defendants have infringed on the work of said Plaintiff in violation of 17 U.S.C. § 501, et seq. without Plaintiffs' permission, license, or consent.

108.   On information and belief, Defendants also entered into an agreement among each other to infringe on Plaintiff's copyright.

109.   Defendants worked together to remove and copy Plaintiff's copyrighted material from its website onto the Site.

110.   On information and belief, Defendants formed a conspiracy to carry out this misconduct.

111.   Defendants' wrongful acts constitute copyright infringement under 17 U.S.C. § 501, and have irreparably harmed Plaintiffs and, if not enjoined, will continue to harm Plaintiffs.

21

WHEREFORE, Plaintiffs pray for relief and judgment, and request that the Court:

(A)     Enter judgment against Defendants and in favor of Plaintiffs with respect to each claim for relief alleged in this Complaint;

(B)     That the Court enter a judgment against Defendants that they have made false and misleading representations of fact in commercial advertising, all in violation of 15 U.S.C. §1125(a);

(C)     That the Court enter a judgment against Defendants that they have infringed and are infringing Plaintiffs' Marks pursuant to 15 U.S.C. §1125(a);

(D)     That the Court enter a judgment against Defendants that they have infringed and are infringing Plaintiffs' copyright under 17 U.S.C. § 501;

(E)     That the Court issue injunctive relief against Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, enjoining and restraining them from:

    a.  Using in any manner the Marks, or other trademarks of Plaintiff, alone or in combination with any other words or symbols, or any foreign derivatives or equivalents that are likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale, or sale of any product or service that is not Plaintiffs or not authorized by Plaintiff to be sold in connection with these trademarks; and

    b.  Engaging in any other activity constituting an infringement of Plaintiffs' Marks, or of Plaintiffs rights in, or right to use or to exploit said trademarks;

(F)     Award Plaintiffs injunctive relief, either actual and/or statutory damages, and their costs and attorneys' fees, pursuant to the Lanham Act and Under 17 U.S.C. § 501;

(G)     Award Plaintiffs their attorneys fees and multiple damages under Mass. G.L. c. 93A,

§§ 2, 11;

(H)     Award Plaintiffs injunctive relief, compensatory damages, punitive damages, and

their costs and attorneys' fees on their state law claims; and

(I)     Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.


Dated:  May 24, 2013                    Respectfully submitted,

**FATHER & SON MOVING & STORAGE,
MOVING AND STORAGE, INC., d/b/a
NEIGHBORS MOVING AND STORAGE,
AMERICAN VAN LINES, INC., MBM
MOVING SYSTEMS, LLC, NATIONWIDE
RELOCATION SERVICES, INC., and
COLONIAL VAN LINES, INC.**

By their attorneys,


  _/s/ Lorri Lomnitzer_
Lorri Lomnitzer (admitted *pro hac vice*)
The Lomnitzer Law Firm, P.A.
7999 N. Federal Highway
Suite 200
Boca Raton, FL 33487
Phone:   (561) 953-9300
Direct:   (561) 953-9301
Fax:        (561) 953-3455
Lorri@ Lomnitzerlaw.com

-and-

Scott McConchie (BBO # 634127)
GRIESINGER, TIGHE & MAFFEI, LLP
176 Federal Street
Boston, MA  02110
617.603.0917
sm@gtmllp.com


23

**Certificate of Service**

I, Scott McConchie, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 24, 2013.

  */s/ Scott McConchie*  
Scott McConchie